| | | |
|---|---|---|
| DR. NINA GREGORY KING | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17 C 4637 |
| | ) | Hon. Marvin E. Aspen |
| ELEMENTARY SCHOOL | ) | |
| DISTRICT #159, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Dr. Nina Gregory King alleges two counts of employment discrimination against the Board of Education of Elementary of School District #159 ("Defendant" or "the Board") under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.* ("ADEA"). (Am. Compl. (Dkt. No. 16) ¶¶ 27–37.) Presently before us is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Dkt. No. 21.) For the reasons set forth below, we grant Defendant's motion in part, and deny it in part.

## BACKGROUND

For purposes of a motion to dismiss, we accept all well-pled factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Katz-Crank v. Haskett*, 843 F.3d 641, 646 (7th Cir. 2016). Plaintiff has been employed by Defendant as a school principal since 2003. (Am. Compl. ¶ 8.) Elementary School District No. 159 is a public school district in Cook County, Illinois. (*See* Mot. to Dismiss ("Mot.") (Dkt. No. 21) at 2.) Plaintiff alleges she applied for various promotional positions within the school district, but in each instance Defendant filled the position with a younger, less qualified applicant, "despite the fact

that Plaintiff was the most qualified applicant." (Am. Compl. ¶¶ 10–22.)

Specifically, in 2007, Plaintiff applied for a Director of Human Resources position within the school district, but she learned in March 2008 that the position was given to a "much younger applicant who had no administrative or classroom experience and lower academic qualifications" than Plaintiff. (*Id.* ¶¶ 11–12.) Next, Plaintiff applied for an Assistant Superintendent of Curriculum and Instruction position in 2011, but Defendant selected a younger applicant who Plaintiff alleges was suspected of misappropriating school funds at her previous position. (*Id.* ¶¶ 14–15.) In 2013, Plaintiff applied for an Assistant Superintendent Teaching and Learning position. (*Id.* ¶ 17.) She later learned that Defendant selected a younger applicant with "nearly a decade less of principal experience" for the position. (*Id.* ¶ 18.) Finally, in April 2016, Plaintiff applied for a position as the Superintendent of Elementary School District No. 159. (*Id.* ¶ 20.) However, in September 2016, Plaintiff learned she was not selected for the position. (*Id.* ¶ 21.) Instead, Defendant selected a "much younger and less qualified applicant." (*Id.*)

At the time of each alleged failure to promote, Plaintiff was over 40 years of age. (*Id.* ¶ 29.) Plaintiff asserts that in each instance Defendant did not promote her because of her age. (*Id.* ¶ 30.) Plaintiff further alleges "one or more members of the District's Board of Education have made comments saying that Dr. Gregory King's age is a concern when considering her for some or all of these promotional opportunities." (*Id.* ¶ 26.) Following each failure to promote, Plaintiff complained that she was being discriminated against because of her

age.[1]  (*Id*. ¶¶ 13, 16, 19, 22.)  Plaintiff claims that she is still being barred from promotional opportunities within the District as a form of retaliation for these prior complaints.  (*Id*. ¶ 25.)

Plaintiff exhausted her administrative remedies and received her right-to-sue letter from the EEOC on March 20, 2017.  (*Id*. ¶ 4.)  Plaintiff filed her initial complaint on June 20, 2017.  (Dkt. No. 1.)  After Defendant moved to dismiss for failure to state a claim, we granted Plaintiff's motion to amend her complaint.  (Dkt. Nos. 10, 15.)  Plaintiff filed her first amended complaint on October 22, 2017, asserting two claims under the ADEA:  age discrimination for failing to promote her (Count I), and retaliation (Count II).  (Am. Compl. ¶¶ 27–37.)  Defendant again moved to dismiss the amended complaint for failure to state a claim, which is presently before us.  Defendant argues that several of the alleged discriminatory acts with respect to Count I are time-barred.  (Mot. at 4–7.)  Defendant also argues that the facts as pled are insufficient to establish plausible claims with respect to Counts I and II. (*Id.* at 8–12.)

## LEGAL STANDARD

A motion to dismiss tests the sufficiency of the complaint, not the merits of the case. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 585, 127 S. Ct. 1955, 1982 (2007).  A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks enough facts "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949–50 (2009) (quoting *Twombly,* 550 U.S. at 570, 127 S. Ct. at 1974).  "A

---

[1] In her amended complaint, Plaintiff alleges that she complained to Superintendent Barbara Mason, as well as to Keith Brown, Eric Perkins, Carolyn Owens, and Elliot Johnson. (Am. Compl. ¶¶ 13, 16, 19, 22.)  In its motion to dismiss, Defendant refers to this group as "supervisors and members of the Board of Education."  (Mot. at 3.)  In her response, Plaintiff identifies Perkins as "the President of the Board of Education," but neither party identifies the exact position held by Brown, Owens, or Johnson.  (Resp. to Mot. to Dismiss ("Resp.") (Dkt. No. 22) at 8.)

claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Although a facially plausible complaint need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65; *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013) (citing *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011)). "A complaint must allege facts to support a cause of action's basic elements." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–12, 122 S. Ct. 992, 997 (2002); *Luevano v. Wal–Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013) (observing that *Swierkiewicz* survived *Twombly* and *Iqbal*). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S Ct. at 1949. These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964.

## ANALYSIS

Defendant argues that Count I should be dismissed in part because all but one of the alleged discriminatory acts contained in Count I are time-barred. (Mot. at 4–7.) Defendant further contends that the remainder of Count I should be dismissed because Plaintiff fails to plead a prima facie case of age discrimination. (*Id.* at 8–9.) Finally, Defendant argues that Count II should be dismissed in its entirety because "Plaintiff fails to plead Defendant[] did anything that can give rise to liability." (*Id.* at 9–12.) We address each of Defendant's arguments in turn.

## I. COUNT I: FAILURE TO PROMOTE

### A. Statute of Limitations

Defendant first argues that Plaintiff's age discrimination claim is largely time barred. (Mot. at 4–7.) Although "complaints do not have to anticipate affirmative defenses to survive a motion to dismiss," an exception exists where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). If there exists "a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial)." *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs Inc.*, 782 F.3d 922, 928 (7th Cir. 2015).

The timely filing of a charge of discrimination with the EEOC is a prerequisite to commencing a civil action under the ADEA. *See* 29 U.S.C. § 626(d); *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004). In a state that has an agency with authority to investigate allegations of employment discrimination, as Illinois does, a claimant must file his charge with the EEOC "within 300 days after the alleged unlawful practice occurred." *Id.* § 626(d)(1)(B); *Anderson v. Ill. Tool Works, Inc.*, 753 F.2d 622, 624 (7th Cir. 1985). "An 'unlawful employment practice' includes various discrete acts such as 'termination, failure to promote, denial of transfer, or refusal to hire.'" *Mull v. Abbott Labs.*, 563 F. Supp. 2d 925, 929 (N.D. Ill. 2008) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114, 122 S. Ct. 2061, 2073 (2002)). Discrete discriminatory acts are "not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Morgan,* 536 U.S. at 113, 122 S. Ct. at 2072.

Because the requirement for filing a charge in the ADEA context is not jurisdictional, equitable estoppel or equitable tolling may toll the limitations period. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450–51 (7th Cir. 1990). Equitable estoppel applies "if the defendant takes active steps to prevent the plaintiff from suing on time." *Id.* at 450. To invoke equitable tolling, a plaintiff must show that "[s]he could not by the exercise of reasonable diligence have discovered essential information bearing on [her] claim." *Id.* at 451. A plaintiff may also toll the applicable statute of limitations by establishing a "continuing violation," but only when the discriminatory character of the earlier acts was not apparent when they were committed. 29 U.S.C. § 626(d)(1); *Moskowitz v. Trustees of Purdue Univ.*, 5 F.3d 279, 282 (7th Cir. 1993). The continuing violation doctrine is not available for discrete discriminatory acts such as a failure to hire or promote. *Morgan*, 536 U.S. at 113, 122 S. Ct. at 2072. Rather, "[e]ach discriminatory act starts a new clock for filing charges alleging that act." *Id.* at 113, 122 S. Ct. 2061; *see also Adams*, 742 F.3d at 730.

In her amended complaint, Plaintiff bases her age discrimination claim in part on three separate discriminatory acts that allegedly occurred in 2007, 2011, and 2013. Plaintiff does not dispute she filed her charge of discrimination with the EEOC on December 14, 2016. (Mot. at 3; Am. Compl. ¶ 4.) Accordingly, Plaintiff's claims that Defendant failed to promote her because of her age in 2007, 2011, and 2013 all fall well outside the 300-day limitations period. (Am. Compl. ¶¶ 11–12 (alleging failure to promote or hire Plaintiff in 2007 for a Director of Human Resources position), 14–15 (alleging failure to promote or hire Plaintiff in 2011 for Assistant Superintendent of Curriculum and Instruction position), 17–18 (alleging failure to promote or hire Plaintiff in 2013 for Assistant Superintendent Teaching and Learning position).) *See also* 29 U.S.C. § 626(d)(1)(B).

Plaintiff further alleges that she complained about age discrimination after learning about each failure to promote.² (Am. Compl. ¶¶ 13, 16, 19.) Taken together, Plaintiff's complaints establish that she was aware of her right to sue following each act, yet did not do so in a timely fashion. (*Id.* ¶¶ 13, 16, 19.) This contemporaneous knowledge forecloses the possibility of Plaintiff invoking equitable tolling as a saving doctrine. *Moskowitz*, 5 F.3d at 282 (explaining that if a plaintiff "knows or with the exercise of reasonable diligence would have known after each act that it was discriminatory and had harmed him, he may not sit back and accumulate all the discriminatory acts and sue on all within the statutory period applicable to the last one"). Additionally, Plaintiff has failed to plead any facts supporting an inference Defendant took "active steps" to prevent her from suing, and therefore, the doctrine of equitable estoppel does not apply. *Casteel v. Exec. Bd. of Local 703 of Int'l Bhd. of Teamsters*, 272 F.3d 463, 467 (7th Cir. 2001) (finding that since plaintiff "makes no claim that the [defendant] prevented or hindered him from bringing suit, . . . equitable estoppel does not apply"). Finally, the nature of the claim itself—failure to promote or hire—forecloses any possibility of Plaintiff establishing a continuing violation. *Morgan*, 536 U.S. at 114, 122 S. Ct. at 2073 (stating that "discrete discriminatory acts are not actionable if time-barred, even when they are related to acts alleged in timely filed charges," and that "[d]iscrete acts such as . . . failure to promote . . . are easy to identify").

The allegations in the complaint plainly reveal that the statutory period during which Plaintiff could have filed claims related to discrete acts in 2007, 2011, and 2013 has long since passed. (Am. Compl. ¶¶ 12, 14–16, 18, 21.) *See also O'Gorman*, 777 F.3d at 889. Given that

---

² Plaintiff learned about the 2007 failure to promote in "March 2008." (Am. Compl. ¶¶ 12–13.) Plaintiff does not specify precisely when she learned of the 2011 failure to promote, but asserts that she complained after "the District selected a younger applicant." (*Id.* ¶¶ 15–16.) Plaintiff learned about the 2013 failure to promote in October of that same year. (*Id.* ¶ 18.)

7

the saving doctrines of equitable estoppel, equitable tolling, and continuing violation do not apply, we find "no conceivable set of facts consistent with the complaint that would defeat a statute-of-limitations defense." *Sidney Hillman*, 782 F.3d at 928. Accordingly, Plaintiff's amended complaint is untimely with respect to the alleged failure to hire or promote her in 2007, 2011, and 2013.

Plaintiff nevertheless makes two arguments in response to Defendant's motion, neither of which saves her untimely claims. First, Plaintiff argues that Defendant is procedurally barred from raising a statute of limitations affirmative defense pursuant to Rule 12(g)(2). (Resp. at 2–3.) Plaintiff asserts that Defendant failed to raise the defense in its Rule 12(b)(6) motion to dismiss Plaintiff's initial complaint, and therefore, Defendant should not be permitted to raise the statute of limitations as an affirmative defense now. (*Id*.) This argument, however, is based on a misreading of Rule 12(g)(2), which states in relevant part: "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). However, Rule 12(h)(2) carves out an exception for defenses raised in a Rule 12(b)(6) motion, specifying that only defenses available under Rules 12(b)(2)–(5) are waived when omitted from a prior motion. *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) ("Rule 12(g)(2) does not prohibit a new Rule 12(b)(6) argument from being raised in a successive motion."). Therefore, Defendant is not barred from raising its statute of limitations argument in the present Rule 12(b)(6) motion.

Second, Plaintiff argues that a partial dismissal of Count I will have "no practical effect" on the proceedings because she will still be entitled to discovery on the time-barred acts. (Resp. at 6.) She maintains that "[d]eciding this issue now will simply waste court resources,

time, and will have no impact on the future litigation." (*Id.*)  Plaintiff is correct that "in certain situations, untimely actions can be used as 'background evidence' to support a claim." *Jackson v. City of Chi.*, 552 F.3d 619, 624 (7th Cir. 2009) (affirming that under *Morgan*, untimely decisions can be used as background evidence in certain hostile work environment cases, but holding that untimely decisions could not be used in a case involving failures to promote because of age discrimination under the ADEA).  However, whether Plaintiff is entitled to discovery on the time-barred claims is irrelevant to the Rule 12(b)(6) analysis, which focuses on whether she has stated a plausible claim entitling her to relief based on Defendant's actions prior to 2016.  *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937, 1949–50.  Notwithstanding her right to discovery—an issue we need not decide now—the claims are time-barred and must be dismissed.

For these reasons, we conclude the alleged discriminatory acts that took place in 2007, 2011, and 2013 are time-barred.  (Am. Compl. ¶¶ 11–12, 14–15, 17–18).  Accordingly, Defendant's motion to dismiss Count I is granted with prejudice as to Plaintiff's claims relating to acts that took place more than 300 days prior to the filing of her December 14, 2016 EEOC charge of discrimination.

### B. Alleged 2016 Failure to Promote

Defendant argues that Plaintiff's remaining age discrimination claim arising from Defendant's failure to promote or hire her for the position of Superintendent of Elementary School District No. 159 in September 2016 should be dismissed because Plaintiff fails to plead a prima facie case of discrimination.  (Mot. at 8–9.)  Specifically, Defendant maintains that Plaintiff failed to establish that "she was qualified to be . . . Superintendent."  (*Id.*)  In response, Plaintiff argues she has alleged sufficient facts to state a claim for age discrimination under the ADEA.  (Resp. at 4–5.)

At the pleadings stage, a plaintiff need only allege facts "to support a cause of action's basic elements." *Adams*, 742 F.3d at 728. This is not the same as making out a prima facie case. *Id.* (explaining that a plaintiff need not "identify evidence" to support a prima facie case at the pleading stage); *see also Clark v. Law Office of Terrence Kennedy, Jr.*, 709 F. App'x 826, 828 (7th Cir. 2017) ("The pleading requirement for employment-discrimination claims is minimal."). To state a claim for age discrimination under the ADEA, a plaintiff need only allege she suffered a specified adverse employment action on the basis of her age. *Levin v. Madigan*, 697 F. Supp. 2d 958, 966 (N.D. Ill. 2010) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)); *see also Clark*, 709 F. App'x at 828 (collecting cases and stating "[a] plaintiff need only identify the type of discrimination, when it occurred, and by whom" to survive a motion to dismiss); *Mack v. City of Chi.*, No. 16 C 7807, 2017 WL 951369, at *6 (N.D. Ill. Mar. 10, 2017) (to survive a motion to dismiss, a plaintiff asserting an ADEA claim need only allege she is "is over 40 and thus protected by the ADEA, *see* 28 U.S.C. § 631, and that she was treated less favorably than similarly-situated workers of a different age"); *Bader v. Air Line Pilots Ass'n*, 113 F. Supp. 3d 990, 997 (N.D. Ill. 2015) (finding sufficient to state a claim under the ADEA allegations that plaintiffs were over age 65, were performing their duties competently, were terminated because of their age, and were subsequently replaced by younger employees).

Plaintiff has satisfied the minimal pleading standard for her age discrimination claim under the ADEA. Although she need only allege she suffered an adverse employment action on the basis of her age, she has pled facts supporting a prima facie case under the ADEA. *See Sweatt v. Union Pac. R. Co.*, 796 F.3d 701, 709 (7th Cir. 2015) (explaining that to state a prima facie case of age discrimination, the plaintiff must show that the plaintiff is a member of a

protected class; that the plaintiff applied for and was qualified for an open position; that despite her qualifications, plaintiff was rejected for the position; and that a person outside the protected class was hired for the position instead). Here, Plaintiff alleges (1) she is "an African American female over the age of fifty," (2) she applied for promotional positions within the District for which she was the most qualified applicant, (3) she was not hired for the positions because of her age, and (4) Defendant instead selected "much younger" applicants to fill each of the positions. (Am. Compl. ¶¶ 9–23, 26.) These facts support each of the basic elements of a prima facie age discrimination claim under the ADEA, and are more than sufficient to survive a 12(b)(6) motion to dismiss. *Adams*, 742 F.3d at 728; *Levin*, 697 F. Supp. 2d at 966. Accordingly, Defendant's motion to dismiss Count I with respect to Plaintiff's claim relating to the failure to promote her to the position of Superintendent of Elementary School District No. 159 in September 2016 is denied.

## II. COUNT II: RETALIATION

Finally, Defendant argues that Plaintiff's retaliation claim (Count II) should be dismissed because Plaintiff "fails to plead Defendant[] did anything that can give rise to liability." (Mot. at 9–12.) To state a retaliation claim under the ADEA, a plaintiff must allege: (1) the employee engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there is a causal link between the protected activity and the adverse action. 29 U.S.C.A. § 623(a)(1); *Lauth v. Covance, Inc.*, 863 F.3d 708, 716 (7th Cir. 2017) (citing *Hutt v. AbbVie Prod. LLC*, 757 F.3d 687, 693 (7th Cir. 2014)); *Barton v. Zimmer*, 662 F.3d 448, 455 (7th Cir. 2011).

Plaintiff's complaint sufficiently alleges each element of a retaliation claim under the ADEA. Plaintiff alleges she engaged in a protected activity, as she was over 40 years of age

11

and complained about age discrimination to her superiors after they failed to promote her. (Am. Compl. ¶¶ 13, 16, 19, 22); *See Smith v. Lafayette Bank & Tr. Co.*, 674 F.3d 655, 658 (7th Cir. 2012) (holding that in order for complaints to constitute protected activity under the ADEA, "they must include an objection to discrimination on the basis of age"). Likewise, Plaintiff's allegations that she was denied promotional positions because of her age, that she complained to Defendant for not selecting her on account of her age, that Defendant retaliated against Plaintiff for complaining of age discrimination, and that Defendant continues to bar Plaintiff from promotional positions in retaliation for her complaints about age discrimination are sufficient to establish both that she suffered an adverse employment action and the existence of a causal link between the protected activity and the adverse action. (Am. Compl. ¶¶ 13, 16, 19–22, 24–26.) *See also Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 385 (7th Cir. 2016) (holding that plaintiffs adequately pled a causal connection by alleging they had engaged in protected activity, that the defendant was aware of this activity, and that the defendant retaliated against plaintiffs for this activity); *Gaines v. White River Envtl. P'ship*, 66 F. App'x 37, 39 (7th Cir. 2003) (holding that to establish failure to promote as an adverse employment action, plaintiff must demonstrate that she applied for the promotion).

Defendant nevertheless argues that Plaintiff has not pled sufficient facts supporting a causal connection because she has failed to allege that the Board of Education "as a whole" knew she had complained about age discrimination, and then "acted in concert" to retaliate against her because of those complaints.[3] (Mot. at 10–11.) However, Plaintiff need not plead facts

---

[3] While addressing these points, Defendant briefly mentions that "the District" cannot be the party of record in this case, and that Plaintiff's insistence on referring to the District instead of the Board of Education as the party of record may be grounds for dismissal.
(Reply ISO Mot. to Dismiss (Dkt. No. 24) at 4.) However, as Defendant does not specifically argue for dismissal on these grounds, we do not address the issue.

establishing the Board as a whole "acted in concert" in retaliating against her. *Lauth*, 863 F.3d at 716; *see also Adams*, 742 F.3d at 728. Rather, Plaintiff alleges that she repeatedly complained of age discrimination to the Superintendent, the President of the Board of Education, and various other supervisors and members of the Board. (Am. Compl. ¶¶ 13, 16, 19, 22, 26; Mot. at 10; Resp. at 8.) Plaintiff has pled facts that support a plausible inference that the Board was aware of her protected activity and retaliated against her because it. *See Tamayo*, 526 F.3d at 1085 (finding plaintiff stated a plausible claim where she alleged she filed two EEOC charges alleging sex discrimination, and since she began to complain and filed the EEOC charge, she was subjected to adverse employment actions by the defendants in retaliation); *see also Brewer v. Bd. of Tr. of Univ. of Ill.,* 479 F.3d 908, 917 (7th Cir. 2007) (even the discriminatory intent of a non-decisionmaker with "singular" or "significant" influence may be imputed to decision maker); *Horwitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 613 (7th Cir. 2001) ("To establish the last element in a retaliation case[]—that is, the causal connection requirement—[plaintiff] needed to prove that the Board's [adverse employment decision] and the [protected activity] were not wholly unrelated."); *Norman-Nunnery v. Madison Area Tech. Coll.*, No. 08 C 320-BBC, 2009 WL 560458, at *6 (W.D. Wis. Mar. 5, 2009), *aff'd,* 625 F.3d 422 (7th Cir. 2010) (observing a plaintiff need not show "that all of the committee members or even a majority of them held discriminatory beliefs" to make out a retaliation claim). At the motion to dismiss stage, a plausible inference can be made that the Board's refusal to hire or promote her is causally connected to her complaints of age discrimination made to her supervisors, including various Board members. Accordingly, Defendant's motion to dismiss Count II is denied.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss Count I is granted in part and denied in part. Defendant's motion to dismiss Count I is denied with respect to the alleged failure to promote Plaintiff to the position of Superintendent of Elementary School District No. 159 in September 2016. Defendant's motion to dismiss Count I is granted with respect to the alleged discriminatory acts that took place in 2007, 2011, and 2013; these claims are time-barred, and they are dismissed with prejudice. Defendant's motion to dismiss Count II is denied. It is so ordered.

                                                _____
                                                Honorable Marvin E. Aspen
                                                United States District Judge

Dated: April 10, 2018
        Chicago, Illinois